IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS REED ) | |
| Plaintiff, ) | |
| ) | C.A. No. 08-161Erie |
| v. ) | |
| ) | |
| NICHOLAR LASSOFF, et al., ) | |
| ) | Magistrate Judge Baxter |
| Defendants. ) | |

**MEMORANDUM OPINION** [1]

Magistrate Judge Susan Paradise Baxter

**A.    Relevant Procedural History**

On October 17, 2008, Plaintiff, acting *pro se*, filed the instant action pursuant to 42 U.S.C. §1983.  The Original Complaint named Nicholas Lassoff and Raymond Lash as Defendants.   Since the filing of the original complaint, Plaintiff has filed several additional pleadings.  See Documents # 9, 12, 13, 16.

By Order dated January 15, 2009, this Court granted Plaintiff's motion to file an Amended Complaint and directed that Plaintiff file that Amended Complaint containing all of his claims against all Defendants before January 30, 2009.[2]  Document # 18.  The Order specifically warned that "the amended complaint will serve as the only complaint, so Plaintiff must include all Defendants and all grounds for relief in that filing."  Id.

On January 23, 3009, Plaintiff filed his "Motion to Amend Correct Complaint and add

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.  Documents # 2, 8 (Plaintiff), 51 (Defendants EPI. Lassoff and Duska), 53 (Defendant "Julia Julia").

[2]    An amended complaint generally supercedes (or takes the place of) the previously filed complaint.

all involved of liable on sexual harassment." Document # 19. The Court has construed this document as the Amended Complaint. See Document # 20.

In the Amended Complaint, Plaintiff alleges that in April of 2007, he was hired by Engineered Plastics, Inc. ("EPI") through a temporary employment agency, Business Personnel Services. Plaintiff claims that he suffered sexual harassment at the hands of Defendants Nicholas Lassoff and Raymond Lash, coworkers at EPI. Plaintiff alleges that while at work in April of 2008, he witnessed the two men engaged in a sex act while smoking crack cocaine and drinking beer. Plaintiff claims that they invited him to "perform." Following his refusal to participate with the men, Plaintiff claims Defendants falsely accused him of trespass and aggravated assault and he was arrested.

Named as Defendants in the Amended Complaint are Nicholas Lassoff; Raymond Lash[3]; EPI, the corporation; Kurt Duska, owner of EPI; and "Julia L. Julia," owner of Business Personnel Solution Temp Service.

Defendants Engineered Plastics, Lassoff and Duska[4] have filed a motion to dismiss. Document # 33. In response to that motion, Plaintiff has filed a "Motion to Move Forward on Hearing against Engineer [sic] Plastic" (Document # 35) and "Motion to Move Forward on Hearing against Engineered Plastic" (Document # 38). Although titled as motions, these filings by Plaintiff are actually briefs in opposition to the pending motion to dismiss, and have been considered by this Court. Additionally, Plaintiff has filed a "Motion to Amend Complaint on Unwelcome Sex and Deprive of Employment by Defendant." Document # 39.

B.   **Standards of Review**

---

[3] Plaintiff voluntarily withdrew his claim against Raymond Lash. Document # 23 and Text Order dated April 20, 2009.

[4] Defendant "Julia Julia" (later identified as Julia L. Loader, President of Business Personnel Solutions, Inc.) has filed an Answer to the Amended Complaint. Document # 40.

1.      *Pro se* **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate. Here, this Court construes Plaintiff's Amended Complaint as stating two separate causes of action: 1) a civil rights claim under 1983 and 2) an employment discrimination claim under Title VII.

2.      **Motion to dismiss pursuant to 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 95 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d. 203, 210-11(3d Cir. 2009).

**C.     42 U.S.C. § 1983**

Defendants EPI, Lassoff and Duska move for dismissal of the civil rights claim against them because private individuals cannot be held liable under § 1983.

Section 1983 authorizes a person to file a private cause of action against state actors for a deprivation of rights protected by a federal statute or the United States Constitution. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State..., subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

42 U.S.C. § 1983.  In order to prevail on a claim under section 1983, a plaintiff must establish 1) the violation of a federally protected constitutional or statutory right 2) by state action or action under color of law.  Jordan v. Rox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1264 (3d Cir. 1994) citing 42 U.S.C. § 1983 and Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 156 (1978).

A private action cannot be "converted into one under color of state law merely by some tenuous connection to state action." Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). A district court may find that a private individual is a state actor for purposes of §1983 liability when "(1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." VanTassel v. Lawrence County Domestic Relations Section, ___ F.Supp.2d ___, ___, 2009 WL 3052411, at * 21 (W.D. Pa. Sept. 22, 2009) quoting Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).

Here, even liberally construing the allegations of the Amended Complaint, Plaintiff has made no allegations that these private individuals are state actors.  Accordingly, Plaintiff has failed to state a §1983 claim against them and the motion to dismiss will be granted in this

5

regard.

**D.     Title VII**

Next, Defendants EPI, Lassoff and Duska move for the dismissal of the Title VII claim because Plaintiff has failed to exhaust any discrimination claim.

A party seeking relief under Title VII must file an administrative charge with the Equal Employment Opportunity Commission and/or the appropriate state agency before that party may seek relief in federal court. Communications Workers of America v. New Jersey Dept. Of Personnel, 282 F.3d 213, 216 (3d Cir. 2002) ("Before bringing an employment discrimination action under Title VII of the Civil Rights Act of 1964, an individual must file a charge with the EEOC within 180 days of the unlawful discriminatory act. 42 U.S.C. § 2000e-5(e). [...] Both requirements-exhaustion and filing-are non-jurisdictional prerequisites"); Antol v. Perry, 82 F.3d 1291, 1295 n.3 (3d Cir.1996) ("exhaustion is a prerequisite to bringing suit" under Title VII). "Because the aim of the statutory scheme is to resolve disputes by informal conciliation, prior to litigation, suits in the district court are limited to matters of which the EEOC has had notice and a chance, if appropriate, to settle." Anjelino v. The New York Times Company, 200 F.3d 73, 93 (3d Cir. 2000) quoting Ostapowicz v. Johnson Bronze Company, 541 F.2d 394, 398 (3d Cir. 1976).[5]

Plaintiff does not claim that he has filed a charge with the EEOC or the PHRA, but instead simply avers that he engaged in "rightful remedies" with Defendant "Julie L. Julie" and Defendant Kurt Duska. Document # 35, page 2. Because Plaintiff has failed to exhaust any discrimination claim through the appropriate channels, the motion to dismiss will be granted as to this claim.

---

[5] Exhaustion of administrative remedies in the employment context is not a jurisdictional requirement and is subject to doctrines of waiver, estoppel and equitable waiver. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1992). See also Gooding v. Warner-Lambert Company, 744 F.2d 354, 358 (3d Cir. 1984). None of these doctrines are applicable to the present case.

**E.     Futility of Amendment**

Plaintiff has filed a "Motion to Amend Complaint on Unwelcome Sex and Deprive [sic] of Employment by Defendant" seeking to further expand upon his allegations against Defendants Lassoff.  Document # 39.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a).  "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given."  Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).  An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted.  In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

In his motion, Plaintiff has made no new allegations sufficient to overcome the fundamental defects of his case discussed above.  Accordingly, the motion will be denied as futile.

_____

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS REED ) | |
|        Plaintiff, ) | |
| ) | C.A. No. 08-161Erie |
| v. ) | |
| ) | |
| NICHOLAR LASSOFF, et al., ) | |
| ) | Magistrate Judge Baxter |
|        Defendants. ) | |

**O R D E R**

AND NOW, this 2nd day of December, 2009;

In light of the foregoing opinion,

IT IS HEREBY ORDERED that the motion to dismiss [Document # 33] is GRANTED. The Clerk of Courts is directed to terminate Defendants Lassoff and Duska from the docket.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Move Forward on Hearing against Engineer [sic] Plastic" [Document # 35] and "Motion to Move Forward on Hearing against Engineered Plastic" [Document # 38] are DENIED. Although titled as motions, these filings by Plaintiff are actually briefs in opposition to the pending motion to dismiss, and have been considered by this Court.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Amend Complaint on Unwelcome Sex and Deprive of Employment by Defendant" [Document # 39] is DENIED AS FUTILE.

IT IS FURTHER ORDERED that a Case Management Conference will be scheduled by separate order as to the remaining claims against Defendant "Julia L. Julia."

                                              S/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge